ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GARNER, et al., | ) | CASE NO. 1:02CV1286 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| CUYAHOGA COUNTY JUVENILE | ) | [RESOLVING DOC. 245] |
| COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This action is before the Court upon the Motion for Costs (Doc. 245) of defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court; Kenneth J. Lusnia, Court Administrator; Len Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz. The Court has considered the memorandum in support and the exhibits attached thereto, the amended memorandum in opposition (Doc. 271), the record, and the oral arguments of counsel offered during the hearing held on May 20, 2005.[1] Defendants, as the prevailing parties in the above-entitled action, request an order pursuant to Fed. R. Civ. P. 54(d)(1) awarding $83,911.44 in costs in their favor and against the plaintiffs alone.[2] Defendants seek to recover the following in costs incurred during the

---

[1] At the hearing, the Court considered only whether the defendants have met their burden to show that costs, fees, and/or sanctions should be awarded. *See* Order (Doc. 265) at 2.

[2] Transcript of May 20, 2005 Hearing (Doc. 279) at 4.

course of this litigation:

$29,929.95 for depositions and transcripts (Exs. 1, 2, 2-B);
  50,287.46 for printing, reproducing, marking, compiling, copying and imaging documents in connection with discovery and in preparation for trial (Exhibits 2-C, 2-E and 2-G);[3]
    2,880.00 in expert witness fees in order to defend against the disparate impact claims alleged by the plaintiffs. (Ex. 2-D);
      311.42 in charges from medical providers for supplying the medical records of the plaintiffs due to their failure to produce them (Ex. 2-F); and,
      502.61 in postage and delivery charges associated with the disclosure of documents. (Ex. 2-H).

In-house copy charges in the sum of $12,139.20 were due to 80,928 copies at $0.15 per copy. This included over 18,000 pages of documents produced to the plaintiffs. The documents included the Comprehensive Position Questionnaires ("CPQs") ordered by the Court. As a result of the plaintiffs placing the entire process at issue, as well as the results of job audits conducted by a third party, Maximus; it was necessary for the defendants to obtain an expert review and opinion of the process in order to defend against the disparate impact claims alleged by the plaintiffs. It cost the defendants $2,880.00 in expert witness fees. The in-house copy charges also include the copying costs of exhibits associated with summary judgment motion practice.

As an initial matter, no costs will be awarded due to the inclusion of Janie Carter, Charvez James, Al David, Richard Drost, and Jimmy Dimora as defendants. *See* Notice of Dismissal (Doc. 59) and Stipulation of Dismissal "without costs to either party" (Doc. 83). The Stipulation of Dismissal of All Claims of Plaintiff Kevin Wesley (Doc. 226) was also "without costs to either party." Therefore,

---

[3]This amount does not include costs for the time spent by those record-keeping employees of the Cuyahoga County Juvenile Court who compiled the information. Memorandum in Support (Doc. 245) at 6.

2

the defendants will not be able to recover costs from Wesley. Finally, the Stipulation of Partial Dismissal of Claims of Plaintiffs Washington, Bellamy, and Moore (Doc. 227) was "without costs to either party." Therefore, the defendants will also not be able to recover costs for the following claims of Washington, Bellamy, and Moore: "(1) Count III, claims brought under 42 U.S.C. Section 1983; (2) Count V, Retaliation; (3) Count VI, Respondeat Superior; (4) Count VII, Civil Conspiracy; and, (5) Count VIII, Civil Aiding-Abetting." *Id.* The latter two stipulations were submitted after the Status Conference held on January 12, 2005, and before the defendants filed motions for summary judgment (Docs. 234-236) on the race discrimination, retaliation, and public policy claims of Washington, Bellamy, and Moore.

## I. LAW AND DISCUSSION

Rule 54(d) provides for the recovery of costs as a matter of course to the prevailing party: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1). Rule 54 "presumes that costs will be awarded to the prevailing party but empowers trial courts to deny costs in the reasonable exercise of their discretion." *Bawle v. Rockwell Intern. Corp.*, Nos. 01-2557, 02-1355, 2003 WL 22514346, at *2 (6th Cir. Nov. 4, 2003). Where an unsuccessful party in the litigation seeks to be excused from the burden of paying costs, it is incumbent upon them to show circumstances sufficient to overcome the presumption that favors the award of costs under the rule. *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986); *Donahoo v. Ohio Dep't of Youth Servs.*, No. 5:01CV1137, 2002 U.S. Dist. LEXIS 23594 (N.D. Ohio Oct. 23, 2002) (awarding costs to

3

defendant against unsuccessful Title VII plaintiff).  Factors that a district court may consider in reviewing whether the presumption in favor of awarding costs has been overcome include:  (1) whether the plaintiffs have shown that the expenditures made were "unnecessary or unreasonably large;" (2) where the prevailing party should be penalized for unnecessarily prolonging the trial or for raising non-meritorious issues; and, (3) where the case is "close and difficult." *White & White, Inc.*, 786 F.2d at 730.  An inappropriate factor to consider is "the ability of the prevailing party to pay his or her costs." *Id.*  Finally, "[a]n example of a relevant but insufficient basis for denying costs is the good faith a losing party demonstrates in filing, prosecuting or defending an action." *Id.*; *see also McDonald v. Petree*, 409 F.3d 724, 732 (6th Cir. 2005) (fact that passenger acted in good faith and with propriety in bringing action, standing alone, was insufficient to overcome presumption in favor of award of costs to prevailing party).

As previously stated "'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *White & White, Inc.*, 786 F.2d at 732, quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).  No rebuttal to defendants' Motion for Costs (Doc. 245) is offered in plaintiffs' Amended Memorandum in Opposition (Doc. 271).  Plaintiffs argued at the hearing that the copy charges are higher because

> . . . the defendants violated the Court's order by 30 pages for summary judgment.
> They are asking for costs for 400 and some odd -- 440 pages of something and copying and work that they done when it clearly violated the Court order to begin with and they shouldn't be -- when they violate, not only the Court order, but two motions that they filed which were denied, and yet they are asking for fees and costs related to that, for their own wrongdoing?

4

Transcript of May 20, 2005 Hearing (Doc. 279) at 23.[4] Plaintiffs also argued "that only goes to certain claims, and four of the plaintiffs had no federal claims at the time. And the costs go to only ceratin claims. . . ." *Id.* at 24.

Taxable costs include those encompassed by 28 U.S.C. §1920. Additionally, 42 U.S.C. § 1988(c) specifically permits the inclusion of expert fees without limitation as part of an attorney's fee award. The Court concludes that neither the plaintiffs nor their counsel have produced any relevant argument, law or evidence to oppose the defendants' Motion for Costs on the issue of assessment of costs. In weighing the relevant factors set forth in *White & White, Inc.*, 786 F.2d at 730, the Court will grant costs to the movants. Accordingly,

## II. CONCLUSION

The Motion for Costs (Doc. 245) of defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court; Kenneth J. Lusnia, Court Administrator; Len Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz. is GRANTED on the issue of assessment of costs alone. The Court hereby assesses costs against plaintiffs Anthony Garner, Tiffanie Dennis, Rayshunn Lilly, Vanessa Brown, Shelley Isom, Nathaniel Prather, Patricia McNear, Terrance Jenkins, Sonja Colwell, Heather McCollough, Thomas Washington, Spencer Bellamy, Monique Moore, and Bruce Richardson.

The Court will determine at a subsequent hearing what costs are authorized by federal law, as well as the necessity and reasonableness of the costs that these defendants are entitled to recover. *See*

---

[4]This is the subject of plaintiffs' Motion for Sanctions (Doc. 270), which will be decided at a later date. *Id.* at 3.

*Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F.Supp. 953, 960 (N.D. Ohio 1988). It will also determine whether these 14 plaintiffs are capable of paying the costs claimed by the movants. *See In Re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987), *cert. denied*, 485 U.S. 934 (1988).

Defendants shall serve and file a supplemental memorandum in support of their Motion for Costs on or September 21, 2005.

Plaintiffs shall serve and file a supplemental memorandum in opposition to defendants' Motion for Costs, if any, within 21 days after service of the supplemental memorandum in support.

Counsel shall address the following issues in their memoranda: (1) what costs are authorized by federal law; (2) the necessity and reasonableness of the costs that these five (5) defendants are entitled to recover; and, (3) whether the 14 plaintiffs are capable of paying the costs claimed by the movants.

IT IS SO ORDERED.

| August 31, 2005 | /s/ John R. Adams |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |