ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY GARNER, et al., | ) | CASE NO.  1:02CV1286 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | ORDER |
| CUYAHOGA COUNTY JUVENILE | ) | [RESOLVING DOCS. 284 & 296] |
| COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This action is before the Court upon plaintiffs' Motion for Clarification and for Hearing (Doc. 284), filed on September 12, 2005.

This action is also before the Court upon plaintiffs' Response [and] Motion to Stay (Doc. 296), filed on November 1, 2005.  The Court has reviewed the Response and Motion, as well as defendants' Opposition to Plaintiffs' Motion to Stay (Doc. 298).  Plaintiffs request that this matter be stayed while the plaintiffs continue their challenge of the grant of summary judgment in favor of the defendants.

On August 31, 2005, the Court entered an Order (Doc. 283) that granted the Motion for Costs of defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court;  Kenneth J. Lusnia, Court Administrator; Len Munks,Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz on the issue of assessment of costs alone.  The award is against the plaintiffs alone. *Id.* at 1 and 5.  The Court stated that it will determine at a subsequent hearing what costs are authorized by federal law, the necessity and reasonableness of the costs that these defendants are entitled to recover, and whether the plaintiffs are capable of paying the

costs claimed by the movants. *Id.* at 5-6. Contrary to the statement at page 3 of plaintiffs' Response (Doc. 296) that they "can not even get a clarification as to what areas they are to address," the Order also provides that counsel shall address the following issues in their memoranda: (1) what costs are authorized by federal law; (2) the necessity and reasonableness of the costs that these five (5) defendants are entitled to recover; and, (3) whether the 14 plaintiffs[1] are capable of paying the costs claimed by the movants. *Id.* at 6.

I.

Plaintiffs request that the Court clarify the Order (Doc. 283) entered on August 31, 2005 and set their Motions for Sanctions (Docs. 268, 270, and 275) for hearing.

> The areas of clarification that plaintiffs are seeking are the following: (1) is there a page limit to the memorand[a]; (2) is the hearing limited to only the evidence submitted in the memorand[a]; (3) will the plaintiffs be allowed to cross[-]examine the defendants as to each and every itemized cost[ ] as they had requested at the last hearing; (4) did the court rule as to the issue that costs were only requested as it related to the federal claims? As to number 4, plaintiffs clearly stated at the oral hearing that they were on notice as to the request for costs based upon the federal claims only. The defendants did not file a motion for costs on the state claims and plaintiffs are uncertain as to how the court ruled in this respect.

Doc. 284 at 2. While the Court did not believe that clarification was necessary at the time plaintiffs' Motion for Clarification was filed, the Order (Doc. 283) is hereby clarified as follows. First, the supplemental memoranda shall not exceed twenty (20) pages. Second, the hearing is limited to the evidence submitted in the memoranda on the issue of costs, as well as the record in the case at bar. Third, upon a proper showing by the plaintiffs, the Court may allow plaintiffs to

---

[1] On September 2, 2005, a voluntary petition for relief in a case under Title 11 of the United States Code was filed by plaintiff Sonja Colwell in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 05-23427. Further proceedings against Colwell are stayed. *See* Judgment Entry (Doc. 286).

2

cross-examine witnesses regarding the amount of costs to which the defendants are entitled. As to number 4, the Court decided subsequent to the filing of plaintiffs' Motion for Clarification that the Court will not distinguish between the fees incurred in defense of the § 1983 claims and those incurred in defense of the other claims. *See* Order (Doc. 291) at 37. The Court may subsequently decide to distinguish between the costs incurred in defense of the § 1983 claims and those incurred in defense of the other claims. The Court will decide this issue after the plaintiffs comply with the Court's Order (Doc. 283) that they brief the issue of what costs are authorized by federal law. *Id.* at 6.

Plaintiffs state in their Response (Doc. 296) that "most notably, this court has promptly responded to defendants['] motion to clarify." *Id.* at 1. On September 16, 2005, the defendants filed a Motion for Clarification Due to Bankruptcy Filing (Doc. 285). It is true that this motion was ruled on only one business day later, *i.e.* September 19, 2005. *See* Judgment Entry (Doc. 286). But, that was done because defendants' supplemental memorandum in support of their Motion for Costs was due on September 21, 2005. *See* Order (Doc. 283) at 6. Furthermore, the clarification resulted in a stay of the within proceedings against plaintiff Sonja Colwell.

II.

Defendants complied with the order to serve and file a supplemental memorandum in support of their Motion for Costs on or before September 21, 2005. *See* Defendants' Supplemental Memorandum (Doc. 288). Plaintiffs were ordered to serve and file a supplemental memorandum in opposition to defendants' Motion for Costs, if any, within 21 days after service of the supplemental memorandum in support. *See* Order (Doc. 283) at 6. On September 22, 2005, the plaintiffs filed a Motion for Extension of Time (Doc. 289). The motion states in its

3

entirety:

> All Plaintiffs hereby move this court for an extension of the deadline to respond to defendants['] supplemental motion in support for costs. The reason for said motion is that plaintiffs' counsel is actively involved in the relief effort for evacuees of hurricane Katrina. Plaintiffs['] counsel is going to be in Texas for several days helping with the evacuees, from September 30 through at least October 3 or 4. Additionally, plaintiffs['] counsel is busy right now working to organize the effort that is going to the south. Obviously, this was not an expected portion of plaintiff[s'] counsel's schedule. Plaintiffs' counsel is asking until November 1, 2005 in which to respond, due to the unusual circumstances the hurricane has caused.

There is no mention in this motion of the need for a ruling on plaintiffs' Motion for Clarification (Doc. 284) prior to complying with the Order (Doc. 283) entered on August 31, 2005. The Court granted by marginal entry order plaintiffs' Motion for Extension of Time until November 1, 2005. *See* Doc. 290. Rather than file the supplemental memorandum in opposition to defendants' Motion for Costs, the plaintiffs filed the within "limited" Response and Motion to Stay (Doc. 296), which does not provide any legal authority or evidentiary materials for a reduction in the requested costs.

In *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4 (1st Cir. 1990), the Court of Appeals held that the district court did not abuse its discretion in refusing to grant plaintiff's third request for an extension of time to respond to defendant's summary judgment motion. The court stated:

> Rules are rules--and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance. Moreover, appellate courts cannot too readily agree to meddle in such case-management decisions lest the trial court's authority be undermined and the system sputter. *Cf. Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir. 1978) ("There comes a point when the

>question arises who is running the court--counsel, or the judge. To this there can be but one answer.") . . . .

*Id.* at 7.

Plaintiffs state in their Response (Doc. 296) that "Plaintiffs['] counsel also has the right to cross[-]examine and also to show whether she has the ability to pay. It will be shown that plaintiffs['] counsel has absolutely no assets and also does not have the ability to pay." *Id.* at 4. The ability of plaintiffs' counsel to pay is not relevant to an award of costs pursuant to Fed. R. Civ. P. 54(d)(1). Defense counsel stated the following in response to questions from the Court during the oral argument held on May 20, 2005:

>THE COURT: You're seeking costs as against whom? The parties or the attorney?
>MS. KUHLMAN: The parties, my understanding is what is appropriate under the rule.
>THE COURT: What about 28, United States Code, 1927, does that not also provide for the award of costs?
>MS. KUHLMAN: Thank you, Your Honor. I believe 1927 refers to fees and excess expenses, which could be leveled against parties and/or their attorneys.
>THE COURT: So you're seeking costs as against the parties alone under Rule 54?
>MS. KUHLMAN: Yes.

Transcript of May 20, 2005 Hearing (Doc. 279) at 4.

### III.

Plaintiffs' Motion for Clarification and for Hearing (Doc. 284) is GRANTED. Plaintiffs' Motions for Sanctions (Docs. 268, 270, and 275) will be set for hearing at the convenience of the Court.

Plaintiffs' conclusory one-paragraph Motion to Stay (Doc. 296) is DENIED. Plaintiffs are, however, reluctantly given leave until <u>November 17, 2005</u>, to serve and file a supplemental memorandum in opposition to defendants' Motion for Costs that complies with the Order (Doc. 283) entered on August 31, 2005, and the within Order. No further extensions will be given.

IT IS SO ORDERED.

| | |
|---|---|
| <u>November 7, 2005</u> | <u>*/s/ John R. Adams*</u> |
| Date | John R. Adams |
| | U.S. District Judge |