ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY GARNER, et al., ) | CASE NO.  1:02CV1286 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | <u>ORDER</u> |
| CUYAHOGA COUNTY JUVENILE ) | [RESOLVING DOCS. 316 and 317] |
| COURT, et al., ) | |
| ) | |
| Defendants. ) | |

I.

This action is before the Court upon plaintiffs' Motion for Leave to Conduct Three Depositions Regarding Plaintiffs' Motion for Sanctions (Doc. 316), filed on February 23, 2006. Plaintiffs move the Court "to allow them to take the depositions of the three county commissioners, who are parties to this action . . . limited to the issues in the motion for sanctions." The Court has reviewed the one-paragraph motion and memorandum in opposition (Doc. 318).  Plaintiffs did not file a reply memorandum in support of the motion.[1] The motion will be granted in part.

On May 2, 2005, the plaintiffs filed a Motion for Sanctions (Doc. 268) that moves the Court for an order awarding them sanctions "for the outright false statements made by defendant Judge Russo [at the Status Conference held on January 12, 2005], and as against Attorneys Kuhlman and Colaluca for not correcting their client's false statements when they were made to

---

[1] The primary purpose for allowing the moving party to serve and file a reply memorandum is so it can respond to any new issues raised by the memorandum in opposition. Plaintiffs permissive reply memorandum was due by March 23, 2006. *See* Local Rule 7.1(e).  Therefore, the time for filing a reply memorandum elapsed today. *See* Local Rule 7.1(g).

the court." *Id.* at 1. Plaintiffs argue that "Judge Russo did not have full settlement authority; the only persons with full settlement authority would be the County Commissioners." *Id.* at 2. They also assert: "the County Commissioners would have minutes to their meetings wherein they agreed to pay $500,000, if they had really offered that amount of money. Additionally, the County Commissioners can testify that they are the only ones with full settlement authority." *Id.*

On January 18, 2006, the Court entered on Order (Doc. 313) that set Doc. 268, as well as two other Motions for Sanctions (Docs. 270 and 275) that the plaintiffs have filed, for hearing on March 27, 2006. Not until more than five weeks after this scheduling order was entered on the docket, did the plaintiffs seek leave to conduct these depositions.

Defendants correctly contend that the motion is procedurally deficient because Cuyahoga County Commissioners Jimmy Dimora, Timothy F. Hagan, and Peter Lawson Jones are not parties to this action. Commissioner Dimora was named as a defendant in the Second Amended Complaint (Doc. 48). On April 24, 2003, however, the case was dismissed as to Commissioner Dimora. *See* Stipulation of Dismissal (Doc. 83).

Defendants argue that allowing the plaintiffs to take the depositions of Commissioners Dimora, Hagan, and Jones will only serve to protract this litigation and, as a matter of law, would not lead to relevant or admissible evidence. Defendants assert that they are entitled to a protective order because the plaintiffs have not established the relevancy or admissibility of the proposed deposition testimony. Ohio Rev. Code § 121.22(C) provides, in relevant part:

> All meetings of any public body are declared to be public meetings open to the public at all times. . . The minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection. The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of this section.

2

According to the internet web site of the Cuyahoga Board of County Commissioners (http://cuyahogacounty.us/bocc/), the Office of the Clerk of the Board maintains the official record of all the proceedings of the Board of County Commissioners. *See* Ohio Rev. Code § 305.10. So, there generally should not be a need to depose the County Commissioners about what is in the minutes of a regular or special meeting. Furthermore, conversations with legal counsel would be subject to the attorney-client privilege. *See State ex rel. Nix v. Cleveland*, 83 Ohio St.3d 379, 383 (1998) (the attorney-client privilege covers communications between government clients and their attorneys pertaining to the attorney's legal advice). Finally, the opinion of an individual County Commissioner upon issues of settlement authority may constitute an inadmissible legal conclusion under Fed. R. Evid. 701 and 704. *Evangelista v. Inlandboatmen's Union of Pacific*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985).

Plaintiffs and their counsel have put forth no legal authority whatsoever in support of their contention that the only persons with full settlement authority would be the County Commissioners. In any event, according to the defendants, it is the state of mind of Judge Russo on January 12, 2005, that is relevant, not that of Commissioners Dimora, Hagan, and/or Jones.

The Court finds that oral depositions of the Commissioners is not justified in the case at bar. "[H]eads of government agencies should not be subject to routine deposition." *Tower Press Bldg. Inc. v. White*, 165 F.R.D. 73, 75 (N.D. Ohio 1996). The Court, therefore, will only allow the plaintiffs to depose the Commissioners upon written questions pursuant to Fed. R. Civ. P. 31 in lieu of oral examination. *Capitol Vending Co. v. Baker*, 36 F.R.D. 45, 46 (D.C.D.C. 1964) (oppressive to require government official to submit to interrogation that would disturb government business); *McGoldrick v. Koch*, 110 F.R.D. 153, 156-57 (S.D.N.Y. 1986) (plaintiffs allowed to depose three nonparty witnesses upon written questions).

3

II.

This action is also before the Court upon plaintiffs' Motion to Vacate (Doc. 317), filed on February 23, 2006. Plaintiffs move the Court pursuant to Civil Rule 60(b)(6) to vacate and set aside the prior order denying their Motion to Disqualify and Affidavit of Prejudice "for equitable reasons" *id.* at 5; and, thereafter, "remove itself from any further dealings with this case." *Id.* at 6. The Court has reviewed the memorandum in support and memorandum in opposition (Doc. 319). Plaintiffs did not file a reply memorandum in support of this motion, either.[2] For the reasons that follow, the Court will deny the motion.[3]

Plaintiffs and their counsel contend that "the FBI is now investigating [the undersigned] for possible criminal conduct" and "the FBI [is] questioning the conduct of [the undersigned]." *Id.* at 2. The Court states categorically that these contentions are false.

The Court previously granted summary judgment in favor of the five remaining defendants on all of the plaintiffs' claims that were pending at the time of the decisions. *See* Docs. 208-217, 219, and 241-243. On April 7, 2005, the plaintiffs filed a Notice of Appeal (Doc. 262) challenging the grant of summary judgment in favor of the defendants on all of the claims of all plaintiffs who had not been voluntarily dismissed from the case (Case No. 05-3476). The direct appeal remains pending.

---

[2]*See* n.1 *supra*.

[3]If the Court were to construe plaintiffs' Motion to Vacate as an independent motion to recuse, the Court would deny it for the reasons that have been articulated in the memorandum of the points and authorities on which the defendants rely in opposition to a second attempt to seek recusal. *See, e.g., In re Hassell*, No. 03-373070HDH-7, 3:04-CV-1469-G, 3:04-0494-G, 3:04-CV-1585-G, 3:04-CV-1013-G, 2004 WL 3201007, at *2 (N.D. Tex. Oct. 14, 2004) ("A party should not be allowed to abuse the recusal process in efforts to 'judge shop,' delay his case, vent his frustration at an unfavorable ruling, or otherwise attempt to gain some perceived strategic advantage.").

On April 4, 2005, the plaintiffs filed a Motion to Disqualify and Affidavit of Prejudice (Doc. 253) that sought an order from the undersigned removing me as the trial judge assigned to the instant case.  By order entered on April 7, 2005, the Court denied the motion on the ground that the law does not warrant recusal under the circumstances present here.  *See* Order (Doc. 261).  That relief having been denied, the plaintiffs filed a Petition for Writ of Mandamus in the United States Court of Appeals for the Sixth Circuit.

On April 27, 2005, the petitioners sought a writ of mandamus directing the recusal of the undersigned.  The Sixth Circuit subsequently denied the petition upon the grounds that "[t]he plaintiffs have not demonstrated a clear and indisputable right to the recusal of the trial judge." *In re: Anthony Garner, et al.*, Case No. 05-3495, slip op. at 2 (6th Cir. July 28, 2005) (Doc. 281).

As previously stated, on January 18, 2006, the Court entered on Order (Doc. 313) that set plaintiffs' Motions for Sanctions (Docs. 268, 270, and 275) for hearing on March 27, 2006.  The Order also states that the Court will conduct a hearing on March 30, 2005, to determine the amount of costs and attorney's fees to be awarded to the defendants as contemplated by the Court's prior Orders (Docs. 265, 283, 291, and 299).  Not until more than five weeks after this scheduling order was entered on the docket, did the plaintiffs and their counsel raise another claim of putative bias in this Court and seek recusal.

At pages 2 through 4 of the within Motion to Vacate (Doc. 317), the plaintiffs renew the argument that they previously made in their Motion to Disqualify and Affidavit of Prejudice (Doc. 253).  The arguments were found lacking in merit by this Court then and the Court makes a similar finding now.

Rule 60(b)(6), the so-called "catch-all" provision, authorizes relief from a judgment for "any other reason justifying relief from the operation of the judgment."  The Court finds that the plaintiffs and their counsel have failed to demonstrate that Rule 60(b)(6) applies in this case.

5

Relief under Rule 60(b)(6) should be applied "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). The basis for their request to vacate is their unfounded belief that the Court's prior decisions were driven by bias, partiality, and prejudice. In addition, the plaintiffs and their counsel incorrectly contend that "the FBI is now investigating [the undersigned] for possible criminal conduct" and "the FBI [is] questioning the conduct of [the undersigned]." These allegations are simply insufficient to warrant relief under Rule 60(b). *Briggs v. Peck, Shaffer & Williams, L.L.P.*, 101 Fed. Appx. 16 (6th Cir. April 28, 2004).

### III.

Plaintiffs' Motion for Leave to Conduct Three Depositions Regarding Plaintiffs' Motion for Sanctions (Doc. 316) is GRANTED IN PART and DENIED IN PART. Plaintiffs are granted leave to serve a subpoena(s) and written questions upon Commissioners Dimora, Hagan, and/or Jones pursuant to Fed. R. Civ. P. 31(a). If the plaintiffs subsequently file a written motion requesting that the hearing on their Motion for Sanctions (Doc. 268) be continued, the Court will reset the hearing on Doc. 268 from March 27, 2006 to a later date, in order to allow the plaintiffs sufficient time to complete the deposition(s) upon written questions.

Plaintiffs' Motion to Vacate (Doc. 317) is DENIED.

IT IS SO ORDERED.

| March 23, 2006 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |