ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY GARNER, et al., ) | CASE NO. 1:02CV1286 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CUYAHOGA COUNTY JUVENILE ) | AND ORDER RE: COSTS AND |
| COURT, et al., ) | ATTORNEY'S FEES |
| ) | |
| Defendants. ) | |

On August 31, 2005, the Court entered an Order (Doc. 283) that granted the Motion for Costs of defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court; Kenneth J. Lusnia, Court Administrator; Len Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz on the issue of assessment of costs alone. The award is against the plaintiffs alone. *Id.* at 1 and 5. The Court stated that it would determine at a subsequent hearing what costs are authorized by federal law, the necessity and reasonableness of the costs that these defendants are entitled to recover, and whether the plaintiffs are capable of paying the costs claimed by the movants. *Id.* at 5-6.

On October 7, 2005, the Court entered an Order (Doc. 291) that granted Defendants' Motion for Award of Attorney's Fees and Costs under 42 U.S.C. § 1988, denied Defendants' Motion for Attorney's Fees and Sanctions for Frivolous Conduct under Ohio Rev. Code § 2323.51, and granted in part Defendants' Motion for Attorney's Fees as Sanctions under Rule 11, 28 U.S.C. 1927, and this Court's Inherent Authority. The ruling was limited to the issue of whether these defendants are entitled to attorney's fees. The Court awarded attorney's fees in favor of defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County

Juvenile Court; Kenneth J. Lusnia, Court Administrator; Len Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz and against plaintiffs Anthony Garner, Bruce Richardson, Vanessa Brown, Tiffanie Dennis, Shelley Isom, Rayshunn Lilly, Patricia McNear, Monique Moore, Spencer Bellamy, and Thomas Washington pursuant to 42 U.S.C. § 1988 and imposed joint and several liability for that award upon their attorneys, Merrie Frost and Timothy A. Ita, as a sanction pursuant to 28 U.S.C. § 1927. *Id.* at 59-60.[1]

On March 30, 2006, the Court conducted a hearing to determine the amount of costs and attorney's fees to be awarded as contemplated by the Court's prior Orders (Docs. 265, 283, 291, 299, and 313).[2] For the reasons that follow, the Court will order that the defendants be reimbursed for $69,345.28 in costs and be awarded $660,103.49 in attorney's fees.

Attorney fees are awarded to prevailing defendants in civil rights cases in order to deter plaintiffs from bringing groundless lawsuits and to alleviate the defendants' burden in defending them. The Court wants the record to be clear that it enters the within Order after giving careful consideration to the impact of an award of attorney's fees in light of the efforts of Congress to promote the vigorous enforcement of the civil rights laws.[3] This is one of the reasons that the Court segmented its review of the issues of costs and attorney's fees in the case at bar. Defendants initially requested $83,911.44 in costs and $730,871.10 in attorney's fees. *See* Bill of

---

[1]On February 15, 2006, the Court amended Doc. 291 to delete Attorney Ita from the award. *See* Order (Doc. 315) at 2-3.

[2]On April 7, 2005, the plaintiffs filed a Notice of Appeal (Doc. 262) challenging the grant of summary judgment in favor of the defendants on all of the claims of all plaintiffs who had not been voluntarily dismissed from the case. On August 2, 2006, the Court of Appeals for the Sixth Circuit affirmed on the basis of the reasoning detailed in this Courts Opinions. *Garner v. Cuyahoga County Juvenile Court*, 194 Fed.Appx. 279, 284 (6th Cir. 2006). The mandate issued on November 8, 2006, with costs in the amount of $3,571.75 for copy charges to be recovered by Appellee Cuyahoga County Juvenile Court. Plaintiffs filed a petition for *certiorari* in January 2007. 75 USLW 3409 (Jan. 26, 2007) (No. 06-1066). The petition and response were distributed for Conference of March 30, 2007.

[3]*See* Order (Doc. 291) at 38.

Costs (Doc. 245 at Ex. 1) and Doc. 246 at Ex. 1A, respectively.  These amounts are significantly more than what the Court now finds appropriate.  Finally, it is also to be noted that this is not the only Court to allow the Cuyahoga County Juvenile Court to recover its costs. *See* n. 2, *supra*.

### I.  Costs

The hearing was limited to the evidence submitted in the memoranda on the issue of costs, as well as the record in the case at bar.  The Court allowed the plaintiffs to cross-examine Gina A. Kuhlman, one of the attorneys for defendants, regarding the amount of costs to which the defendants are entitled. *See* Order (Doc. 299) at 2-3.

The Court has reviewed defendants' Supplemental Memorandum in Support of Motion for Costs (Doc. 288),[4] plaintiffs' Response Motion to Stay (Doc. 296) and Opposition to Defendants' Award of Fees; Costs; and/or Sanctions (Doc. 300),[5] and defendants' Supplemental Memorandum of Law (Doc. 325).  The Court has also considered the testimony and exhibits; as well as the oral arguments of counsel offered at the March 2006 hearing.

Citing *Seaton-El v. Toombs*, No. 95-1405, 1995 WL 723195 (6th Cir. Dec. 6, 1995), counsel for plaintiffs argued at the hearing that the Court must consider the plaintiffs ability to pay an award of costs.  According to Attorney Frost, it is the defendants' burden to prove the plaintiffs' ability to pay.  Defense counsel countered that *Seaton-El* provides that while the inability to pay should be considered by the Court, it is the plaintiff's burden to show that he could not pay the costs.  The Court agrees with counsel for the defendants.  The unpublished

---

[4]The cost for the medical record request to ChartOne is $35.53, not $33.53 as stated at page 2. *See* Doc. 245 at Ex. 2-F.

[5]Plaintiffs' supplemental memorandum in opposition to defendants' Motion for Costs was due on or before October 12, 2005. *See* Order (Doc. 283) at 6.  Doc. 300 was not filed until November 17, 2005, as a result of the Order (Doc. 299) entered on November 7, 2005.

opinion provides in pertinent part:

> Seaton-El attempted to meet *his burden* of showing that he could not pay the costs that were demanded by filing a timely response to the defendants' motion, in which he repeatedly asserted that he could not afford to pay the award. *See Weaver* [*v. Toombs*], 948 F.2d [1004,] [] 1014 [(6th Cir. 1991)].

*Seaton-El*, 1995 WL 723195, at 1 (emphasis added).

In *Jones v. Continental Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986), the Court held that it was not an abuse of discretion to tax costs against an indigent plaintiff in a § 1981 case, since the plaintiff had sufficient assets to take out a loan in order to pay the judgment without being rendered destitute.

With the exception of the following three (3) items, the plaintiffs have not indicated which of the costs with which they have a specific dispute. First, on May 12, 2003, the defendants filed a Motion to Compel Discovery (Doc. 92). The motion is 30 pages. The exhibits are an additional 413 pages. On May 15, 2003, the Court denied defendants' motion because it did not comply with Local Rule 37.1. *See* Order (Doc. 103) at 2-3.[6]

Second, on April 23, 2003, the defendants filed a Motion for Sanctions (Doc. 81) totaling 27 pages that included nine (9) exhibits. Unlike the Motion to Compel Discovery, however, defendants' Motion for Sanctions was not denied for failure to comply with the Local Rules. *See* Marginal Entry Order (Doc. 85). In fact, Doc. 81 requested sanctions against Attorney Frost relating to her filing of a document styled "Plaintiffs Notice to Court" (Doc. 61) on February 26, 2003. Doc. 61 was subsequently stricken from the record as an improper pleading. *See* Order (Doc. 87).

---

[6] Doc. 92 also did not comply with the Case Management Plan (Doc. 12), which provides in pertinent part: "The Court specifically directs the parties to comply with Local Rule 37.1, including the obligation to contact the presiding judicial officer by telephone, before filing any motion under Fed. R. Civ. P. 37 seeking aid from the Court in discovery matters." *Id.* at 2.

Third, the plaintiffs dispute the defendants' ability to recover costs related to the filing of motions for summary judgment that exceed the 30-page limit for briefing the dispositive motions.  The in-house copy charges also include the copying costs of exhibits associated with summary judgment motion practice.[7]  On March 25, 2004, the Court denied by marginal entry order plaintiffs' Motion for Leave to Include Additional Evidentiary Materials (Doc. 186).  The marginal entry order provided in part that "Plaintiffs were granted an extension of 30 pages for their Opposition to Defendants' Motions for Summary Judgment only because Defendants were permitted to exceed page limitations." *See* Doc. 204.[8]  Plaintiffs argued at the hearing held in May 2005, and argue in their Opposition to Defendants' Award of Fees; Costs; and/or Sanctions (Doc. 300), that the copy charges are higher because

> . . . the defendants violated the Court's order by 30 pages for summary judgment.
> They are asking for costs for 400 and some odd -- 440 pages of something and copying and work that they done when it clearly violated the Court order to begin with and they shouldn't be -- when they violate, not only the Court order, but two motions that they filed which were denied, and yet they are asking for fees and costs related to that, for their own wrongdoing?

---

[7]At the hearing held on March 30, 2006, counsel for the parties stipulated that the requested costs and attorney's fees include all pages of the 11 summary judgment motions filed on September 15, 2003 (Docs. 135-45).  In addition, the parties stipulated at the hearing that the requested costs and fees also include the costs and fees the Court previously allowed regarding defendants' motions for summary judgment filed on the claims of plaintiffs Monique Moore (Doc. 234), Spencer Bellamy (Doc. 235), and Thomas Washington (Doc. 236). *See* Order (Doc. 291) at 60.

[8]Plaintiffs correctly note that the defendants exceeded the page limitation when they submitted the 11 motions for summary judgment.  As a result of the defendants' excess, the Court *sua sponte* granted the plaintiffs additional pages for their memorandum in opposition to the motions for summary judgment. *See Garner*, 194 Fed.Appx. at 283.

The case at bar was assigned to the standard case management track. *See* Doc. 12 at 1.  It is to be noted that the page limitation set forth at page 3 of Judge O'Malley's Order--setting a limit of 30 pages per dispositive motion--allows for 10 pages more than is permitted by Local Rule 7.1(g).

Transcript of May 20, 2005 Hearing (Doc. 279) at 23.[9] This contention was renewed at the hearing held in March 2006. This argument lacks merit. For the reasons set forth in Section II below, plaintiffs' contention that the copy charges for defendants' motions for summary judgment filed on the claims of plaintiffs Moore (Doc. 234), Bellamy (Doc. 235), and Washington (Doc. 236) is also lacking in merit.

The Court will reduce the total costs requested in four ways. First, no costs will be awarded due to the inclusion of Janie Carter, Charvez James, Al David, Richard Drost, and Jimmy Dimora as defendants. *See* Notice of Dismissal (Doc. 59) and Stipulation of Dismissal "without costs to either party" (Doc. 83). Second, the defendants are not entitled to costs for the claims of plaintiff Kevin Wesley that were dismissed "without costs to either party."*See* Stipulation of Dismissal of All Claims (Doc. 226). Third, in exercising its discretion, the Court will reduce the total costs by $8,329.41 to take into account the following claims of plaintiffs Washington, Bellamy, and Moore that were also dismissed "without costs to either party": "(1) Count III, claims brought under 42 U.S.C. Section 1983; (2) Count V, Retaliation; (3) Count VI, Respondeat Superior; (4) Count VII, Civil Conspiracy; and, (5) Count VIII, Civil Aiding-Abetting." Stipulation of Partial Dismissal of Claims (Doc. 227). Finally, the Court will reduce the total costs by an additional $66.45 because defendants' Motion to Compel Discovery (Doc. 92) did not comply with Local Rule 37.1.

Defendants submitted W-2 statements and income tax information establishing the abilities to pay of plaintiffs Anthony Garner, Tiffanie Dennis, Rayshunn Lilly, Vanessa Brown, Shelley Isom, Nathaniel Prather, Patricia McNear, Terrance Jenkins, Heather McCollough,

---

[9]This is also the subject of plaintiffs' Motion for Sanctions (Doc. 270), which is denied for the reasons set forth in a Memorandum of Opinion and Order filed contemporaneously with this Memorandum of Opinion and Order.

Thomas Washington, Spencer Bellamy, Monique Moore, and Bruce Richardson. *See* Doc. 288 at Exs. 1-A through 1-C.  Moreover, as of September 2005, nine (9) of the 13 plaintiffs were still employed by the Juvenile Court and enjoy modest incomes. *See* S.J. Ex. 1255, Salary Histories; Doc. 296 at 4 ("The average salary of each plaintiff is around $35,000").  Considering the dearth of evidence in the record proffered by the remaining 13 plaintiffs[10] regarding their ability to pay the award of costs, the Court finds that costs in the amount of $69,345.28 will be assessed against the plaintiffs alone.  The amount is calculated as follows:

| | |
|---|---|
| $83,408.83 | Total costs requested[11] |
| (114.75) | In-house copy charges attributable to the inclusion of Carter, James, David, Drost, and Dimora as defendants (765 copies @ $0.15 per copy) |
| (5,552.94) | Claims of Plaintiff Wesley ($83,294.08 ÷15) |
| (8,329.41) | Claims of Plaintiffs Washington, Bellamy, and Moore dismissed "without costs to either party." (($5,552.94 ÷ 2) x 3) |
| (66.45) | Charges attributable to defendants' Motion to Compel Discovery (Doc. 92) (443 copies @ $0.15 per copy) |
| $69,345.28 | |

In conclusion, the Court finds that costs in the amount of $69,345.28 to be taxable, reasonable, and necessary.

## II.  Attorney's Fees

The Court has reviewed defendants' Supplemental Memorandum in Support of Application for an Award of Attorney's Fees (Doc. 292), the Affidavits of Nicholas J. DeBaltzo

---

[10]On September 2, 2005, a voluntary petition for relief in a case under Title 11 of the United States Code (the "Bankruptcy Code") was filed by plaintiff Sonja Colwell in the United States Bankruptcy Court for the Northern District of Ohio, being Case No. 05-23427. Pursuant to 11 U.S.C. § 362, the filing of such a case under the Bankruptcy Code mandated a stay of the within proceedings against Ms. Colwell. *See* Judgment Entry Perpetually Staying Further Proceedings Against [Plaintiff] Sonja Colwell Only (Doc. 286).  On February 13, 2006, Ms. Colwell was granted a discharge under 11 U.S.C. § 727.

[11]*See* Doc. 288 at 2.

(Doc. 294) and Gloria Merritt (Doc. 295), and plaintiffs' Response Motion to Stay (Doc. 296) and Opposition to Defendants' Award of Fees; Costs; and/or Sanctions (Doc. 300). The Court has also considered the testimony and exhibits; as well as the oral arguments of counsel offered at the hearing.

The Supreme Court has indicated that the courts are to calculate attorney fees under the "lodestar" method. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Pennsylvania v. Del. Valley Citizens' Council*, 478 U.S. 546, 565 (1986) (*Delaware Valley I*). Under this methodology the number of hours reasonably expended by the attorney are multiplied by the attorney's reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Northcross v. Board of Educ. of Memphis City Sch.*, 611 F.2d 624 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). There is a "strong presumption" that the figure so calculated represents a reasonable fee. *Delaware Valley I*, *supra*, at 565. *See also Roland v. Johnson*, No. 91-1460, 1992 WL 214441, at *2 (6th Cir. Sept. 4 1992) (per curiam) (*Roland III* ). The lodestar, however, must be based on the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

While the burden of persuasion is on the fee applicant to document the hours and rates in the lodestar amount, the burden of production to challenge the reasonableness of the requested fee is on a party seeking an adjustment of that amount (plaintiffs and Attorney Frost in the case at bar). *See* Order (Doc. 291) at 61-62; Order (Doc. 313) at 2; *Griffin v. Leaseway Deliveries, Inc.*, No. 89-6522, 1992 WL 398381, at *1 (E.D Pa. Dec. 31, 1992) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)).

Defendants request $663,804.88 in attorney's fees.[12] The request is based upon the following:

```
$401,405.20   Litigation Fees
   75,487.56  Full-Time Plaintiffs
   48,534.50  Part-Time Plaintiffs
   98,437.75  Trial Preparation
   39,939.87  Pursuing Attorney's Fees and Costs
```

Defendants do not, however, seek a multiplier to the proposed lodestar amount.

The Court finds that the documentation submitted by the defendants is adequate. On October 28, 2005, defense counsel manually filed their itemized time entries. *See* Affidavit of Gloria Merritt and Exhibit A (Doc. 295), which is the complete record of Bills for work performed by Johnson & Colaluca, L.L.C., f/k/a Johnson, Angelo & Colaluca, L.L.C from February 13, 2003 through August 31, 2005.[13] The affidavits of Thomas L. Colaluca (Ex. 1), Gina A. Kuhlman (Ex. 2), William F. Schmitz (Ex. 3), Jeffrey C. Miller (Ex. 4), Nicholas J. DeBaltzo (Ex. 5) (attesting to the attorneys' qualifications) and the affidavits from Hilary S. Taylor (Ex. 6) and James L. McCrystal, Jr. (Ex. 7), independent counsel (in support of the defendants' position regarding the prevailing market rates of compensation for attorneys in the relevant legal market for similar work), are attached as exhibits to Doc. 292 to support the reasonableness of the requested rates.

Citing *Colton v. Memorial Drive Trust*, No. 92-1006, 1993 WL 29663 (6th Cir. Feb. 8, 1993), counsel for plaintiffs argued at the March 2006 hearing that the plaintiffs and she don't have to prove their inability to pay until the defendants have proven plaintiffs' ability to pay.

---

[12]*See* Doc. 292 at 10.

[13]The amount of attorney's fees requested does not include fees generated from the representation of defendants by the Cuyahoga County Prosecutor's Office. *See* Doc. 292 at 5. In *Mumford v. Basinski*, No. 1:96CV2182, slip op. (N.D. Ohio Nov. 14, 1997), Judge John M. Manos awarded attorney's fees to the defendant, which were generated in part by the Lorain County Prosecutor's Office's representation of him.

9

"Ability to pay is a relevant factor and it constitutes an abuse of discretion for the trial court to ignore this factor." *Colton*, 1993 WL 29663, at *4 (citing, *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989)). "Although ability to pay must be considered by a district court . . . inability to pay should be treated like an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status." *Id.* (internal quotations omitted) (quoting *Dodd Insurance Services, Inc. v. Royal Insurance Company of America*, 935 F.2d 1152, 1160 (10th Cir. 1991)). Plaintiffs in the case at bar and Attorney Frost failed to satisfy their burden. *See Legair v. Circuit City Stores, Inc.*, Nos. 05-4179, 06-3361, 2007 WL 98085, at *3-4 (6th Cir. Jan. 12, 2007) (counsel failed to meet the sanctioned party's burden of demonstrating financial status).[14]

Plaintiffs previously asserted that attorney's fees awarded under 42 U.S.C. § 1988 apply to the recovery of attorney's fees in federal civil rights actions, not the state law claims contained in the Second Amended Complaint (Doc. 48). Transcript of May 20, 2005 Hearing (Doc. 279) at 33. Attorney Frost renews this argument at page 2 of plaintiffs' Opposition to Defendants' Award of Fees; Costs; and/or Sanctions (Doc. 300). The Court adheres to its original ruling that it will not distinguish between the fees incurred in defense of the § 1983 claims and those incurred in defense of the other claims, because all of the plaintiffs' claims rested on "a common core of facts." *Munson v. Milwaukee Board of School Directors*, 969 F.2d 266, 271-72 (7th Cir. 1992). *See* Order (Doc. 291) at 37-38.

Next, the plaintiffs argue that attorney's fees cannot be assessed against them pursuant to

---

[14]Attorney Frost called herself as a witness at the hearing held on March 30, 2006. She wanted to present evidence showing her ability to pay or inability to pay. Attorney Frost, however, reconsidered her decision and did not testify.

42 U.S.C. § 1988

> [b]ecause all plaintiffs were parties in their individual capacity; the fact that defendants did not file for the sanctions against plaintiffs in their official capacity; and because the plaintiffs sued based upon their employment as government employees; they are entitled to the same limitations on awards as any other governmental official.

Doc. 300 at 4. Plaintiffs, however, fail to cite any cases directly on point. The cases on which they rely stand for the converse--that attorney's fees cannot be imposed against a governmental entity under § 1988 where a plaintiff prevails against that entity's employees in their individual capacity only. *See Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985).

Plaintiffs and Attorney Frost do not contest the reasonable hourly rates requested by the defendants.[15] The rates are not even mentioned in plaintiffs' Opposition to Defendants' Award of Fees; Costs; and/or Sanctions (Doc. 300), nor were they discussed at the March 2006 hearing. The Court finds that the hourly rates of compensation requested by the defendants are within the reasonable hourly rates of compensation for attorneys in the Northern District of Ohio for similar work.

With the exception of the following, the plaintiffs have not indicated which of the hours expended by defense counsel they have a specific dispute regarding.

For the same reasons set forth in Section I above for reducing the total costs requested, the Court will reduce the total attorney's fees requested due to the inclusion of defendants'

---

[15]
| | |
|---|---|
| Thomas L. Colaluca | $175 per hour |
| Gina A. Kuhlman | 160 per hour |
| William F. Schmitz | 160 per hour |
| Jeffrey C. Miller | 160 per hour |
| Nicholas J. DeBaltzo | 160 per hour |
| Gary Johnson | 195 per hour |
| Michael Angelo | 175 per hour |
| Other Associates | 160 per hour |
| Law Clerks | 35 per hour |

11

Motion to Compel Discovery (Doc. 92), but not defendants' Motion for Sanctions (Doc. 81).

The Court will exclude compensation for the following hours[16] spent on preparing Doc. 92:

| | | | | |
|---|---|---|---|---|
| 5/9/03 | AM | DRAFT<br>Draft and research on Motion to Compel. | 8 hrs. @ $ 35/hr. | $ 280 |
| | GAK | PREPARATION<br>Outline motion to compel. | 1.9 hrs. @ $160/hr. | $ 304 |
| | JCM | REVIEW<br>Analyze deposition transcripts; prepare motion to compel. | 6.7 hrs. @ $160/hr. | 1,072 |
| 5/11/03 | GAK | PREPARATION<br>Review and revise motion to compel. | .5 hr. @ $160/hr. | 80 |
| | JCM | DRAFT<br>Draft motion to compel depositions and production. | 7 hrs. @ $160/hr. | 1,120 |
| 5/12/03 | TLC | PREPARATION<br>Deposition drafting motion to compel . . . . | 5.2 hrs. @ $175/hr. | 910 |
| | GAK | REVIEW<br>Review and revise motion to compel and transcripts. | .3 hrs. @ $160/hr. | 48 |
| | AM | REVISE<br>Review and revise Motion to Compel; preparation of exhibits. | 2 hrs. @ $ 35/hr. | 70 |
| | JCM | DRAFT<br>. . . revise motion to compel; . . . analyze case law regarding disclosure of medical records and production of documents. | 2 hrs. @ $160/hr. | 320 |

This time was not "reasonably expended" because the motion was filed in violation of Local Rule 37.1. *Hensley*, *supra*, at 434. While defendants' Motion for Sanctions (Doc. 81) was denied, that, in and of itself, does was not mean that the time was not "reasonably expended."

Defendants requested an order from the Court allowing an extension of the page limitation to 75 pages for dispositive motions. *See* Doc. 125. They subsequently modified the request to 50 pages for each motion. *See* Doc. 131 at 3-4 and Doc. 132. On September 10, 2003, the Court denied the request by marginal entry order ( Doc. 133). Plaintiffs argued at the hearing held on March 30, 2006, that the defendants exceeded the page limitation when they filed

---

[16] In evaluating this exclusion, the Court finds its task made more difficult by the failure of plaintiffs' counsel to even mention Doc. 295, either in Doc. 300 or in her cross-examination of Attorney Kuhlman at the hearing held on March 30, 2006.

11 separate motions for summary judgment (Docs. 135-45). This resulted in an increase in the amount of attorney's fees. The Court finds this argument to be lacking in merit. At the Status Conference held on August 5, 2003, the parties were instructed to comply with the page limitation set forth in Judge O'Malley's Order (Doc. 12) setting a limit of 30 pages per dispositive motion.[17] The memoranda relating to the motions for summary judgment complied with that instruction. As the Sixth Circuit acknowledged, "although the district court *did* impose a 30-page limit for briefing the dispositive motions, the 30-page limit applied to *each* of CCJC's motions for summary judgment. With 14 employees remaining in the case, there were 14 motions for summary judgment or for partial judgment on the pleadings filed by CCJC." *Garner*, 194 Fed.Appx. at 283 (emphasis in original).

Plaintiffs also take issue with the timeliness of the motions for summary judgment filed on the claims of plaintiffs Moore (Doc. 234), Bellamy (Doc. 235), and Washington (Doc. 236). Attorney Frost contends that these motions should have been filed on or before September 15, 2003. *See* Minutes entered on August 18, 2003. At the Pretrial Conference held on January 12, 2005, however, the defendants were instructed by the Court to file the motions on or before January 26, 2005. *See* Order (Doc. 233); Fed. R. Civ. P. 16(b). These dispositive motions were, therefore, timely filed on January 26, 2005.

According to Attorney Frost, the defendants cannot recover their attorney's fees and costs because of the clean hands doctrine. It is a well-established maxim that "he who comes in equity must come with clean hands." *Precision Instrument Mfg. Co. v. Automotive Maintenance Mach. Co.*, 324 U.S. 806, 814 (1945). The "clean hands" doctrine operates to deny recovery to one who is "tainted with inequitableness or bad faith relative to the matter in which he seeks

---

[17]"Appendices of evidentiary, statutory or other materials are excluded from these page limitations." Local Rule 7.1(f).

13

relief, however improper may have been the behavior of the defendant." *Id.* This Court thus may, in the exercise of its discretion, refuse relief to litigants whose hands it finds to be unclean. *Id.* at 815.  The Court will grant attorney's fees and costs to the defendants notwithstanding the arguments of plaintiffs' counsel of alleged improprieties by defendants in connection with following the Court's prior Orders, including the length of memoranda relating to dispositive motions.

The Court will order that the defendants be awarded $660,103.49 in attorney's fees.  The adjusted lodestar amount is calculated as follows:

| | |
|---|---|
| $663,804.88 | Total attorney's fees requested |
| 502.61 | Postage and delivery charges associated with the disclosure of documents. *See* Doc. 245 at Ex. 2-H.[18] |
| (4,204.00) | Attorney's Fees attributable to defendants' Motion to Compel Discovery (Doc. 92) |
| $660,103.49 | |

### III.  Conclusion

For the foregoing reasons,

It is Ordered and Adjudged that defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court;  Kenneth J. Lusnia, Court Administrator; Len Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz  recover of plaintiffs Anthony Garner, Tiffanie Dennis, Rayshunn Lilly, Vanessa Brown, Shelley Isom, Nathaniel Prather, Patricia McNear, Terrance Jenkins, Heather McCollough, Thomas Washington, Spencer Bellamy, Monique Moore, and Bruce Richardson, jointly and severally, the sum of Sixty-nine Thousand Three Hundred Forty-five and 28/100 Dollars ($69,345.28) in costs.

It is Further Ordered and Adjudged that defendants Joseph F. Russo, Administrative Judge of the Cuyahoga County Juvenile Court;  Kenneth J. Lusnia, Court Administrator; Len

---

[18]The award of this incidental expense is made pursuant to 42 U.S.C. § 1988(c).

Munks, Superintendent; Angelo Lardomita; and Donna Coe, kna Apanasewicz recover of plaintiffs Anthony Garner, Tiffanie Dennis, Rayshunn Lilly, Vanessa Brown, Shelley Isom, Patricia McNear, Thomas Washington, Spencer Bellamy, Monique Moore, and Bruce Richardson and their attorney, Merrie Frost, jointly and severally, the sum of Six Hundred Sixty Thousand One Hundred Three and 49/100 Dollars ($660,103.49) in attorney's fees.

  March 30, 2007         */s/ John R. Adams*
Date        John R. Adams
       U.S. District Judge